**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1510-17T4

LEONARD MAYWEATHER,

    Plaintiff-Appellant,

v.

JOHN ODORISIO and
MANHEIM AUCTION INC.,[1]

    Defendants-Respondents.

_____

Argued September 17, 2019 – Decided December 3, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey,
Law Division, Ocean County, Docket No. L-2783-15.

Leonard Mayweather, appellant, argued the cause pro se.

Anthony E. Bush argued the cause for respondents (Eckert Seamans Cherin & Mellott LLC, attorneys; Anthony E. Bush, of counsel and on the brief; Ian M. Oakley, on the brief).

_____

[1] Manheim Remarketing, Inc., d/b/a Manheim New Jersey, improperly plead as Manheim Auction Inc.

PER CURIAM

Plaintiff Leonard Mayweather appeals from a summary judgment dismissing his complaint against defendants John Odorisio and Manheim New Jersey alleging the auction house's dealings with him "showed racist characteristics." Because the material facts are not in dispute and defendants are entitled to judgment as a matter of law, we affirm.

The essential facts are few and easily summarized. Defendant Manheim operates a wholesale auto auction. Odorisio is an assistant general manager. The auction is not open to the public; it caters only to licensed car dealers, finance companies and leasing entities registered with a third-party vendor, Auction Access.

Plaintiff formerly worked for a used car dealership authorized to transact business at Manheim. In that representative capacity, plaintiff sold a car through Manheim the buyer claimed was flood damaged. Following arbitration of the claim, Manheim returned the funds to the buyer and looked to plaintiff and his employer for reimbursement of its $1550 loss. Plaintiff's employer did not make good on the loss.

A few months later, plaintiff appeared at a Manheim auction without a bidder's badge and was asked to leave by Odorisio. Odorisio advised plaintiff

A-1510-17T4

he could not register as an authorized representative of another dealership until the $1550 loss was satisfied. Although plaintiff later labeled this demand as "extortion," he entered into a written agreement to repay the loss, which he did, in full, several weeks later.

Plaintiff subsequently filed a complaint in the Law Division alleging he was forced to pay a debt to Manheim owed by his former employer in order to register as a buyer for another licensed dealership. Plaintiff claimed he should not have been held responsible for his former employer's debt in order to continue to do business at Manheim; that he was not treated the same as other agents similarly situated; and the reason for the disparate treatment was racism.

Following discovery, defendants moved for summary judgment, contending plaintiff had no proof of any discriminatory treatment by defendants, and that his allegations were based only on his subjective perceptions of his interactions with Odorisio. Plaintiff opposed the motion, contending because he was not legally responsible for the debt of his former employer, defendants' actions toward him in forcing repayment were not legal but personal, and a jury should decide why Odorisio and Manheim took those personal actions, which plaintiff contended were racially motivated. Plaintiff

3

also contended the motion should not be heard because it was not brought thirty days before the first trial listing, but was only filed after plaintiff, in good faith, agreed to an adjournment to accommodate defendants' counsel's schedule.[2]

After hearing argument, the trial court granted defendants' motion, finding plaintiff had failed to allege any facts demonstrating he was treated differently from other authorized agents on account of his race. The judge found plaintiff's "subjective belief of racism by Italian-Americans against African-Americans," and his belief that "Odorisio would have not tried to collect the debt owed by [plaintiff's former employer] had [plaintiff] been Caucasian," do not constitute "facts" necessary to support his allegations under the Law against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

Plaintiff appeals, reprising the arguments he made in opposition to the motion. We agree with the trial court that summary judgment was properly granted.

---

[2] Although we can understand plaintiff's objection to the timing of the summary judgment motion, coming as it did after plaintiff agreed to an adjournment of the trial date to accommodate defendants' counsel's schedule, the motion was made returnable in accordance with Rule 4:46-1. Further, there is no suggestion that defense counsel sought the adjournment in order to file the motion. Accordingly, the timing of the motion provides no basis for reversal.

4

Plaintiff did not assert, much less prove, that Manheim's auction is a public accommodation under N.J.S.A. 10:5-5; see Dale v. Boy Scouts of Am., 160 N.J. 562, 589-90 (1999) (addressing public accommodations under the LAD), rev'd and remanded on other grounds, 530 U.S. 640 (2000). Moreover, plaintiff could point to nothing in the record to establish he was treated differently from any other authorized agent at Manheim or that his race played any role in the way in which he was treated. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (discussing the parties' burdens on summary judgment). Plaintiff's subjective belief that Odorisio held racist views because of his ethnic background and would not have attempted to collect the debt owed by plaintiff's former employer from plaintiff had plaintiff been white, is insufficient to support an LAD claim. See, e.g., Morris v. T.D. Bank, 454 N.J. Super. 203, 213 (App. Div. 2018) (holding plaintiff's supposition that bank's employee was racially motivated, without more, was insufficient to support his LAD claim).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1510-17T4